UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARC J. MILLICAN            )<br>                             )<br>    Plaintiff,               )<br>                             )   Civil Action<br>        v.                   )<br>                             )   No._06-1582_ (GK)<br>                             )<br>THE UNITED STATES            )<br>                             )<br>    Defendant,               ) | |

### PLAINTIFF'S UNOPPOSED MOTION TO SUSPEND PROCEEDINGS

 Plaintiff moves unopposed to suspend the proceedings pending outcome of a related case. Doe #1, et al., v. Rumsfeld, 03-707 (D.D.C.)(appeal dissolved lower court's injunction that stopped military's anthrax inoculation program; but remanded to consider defendant's motion to vacate judgment). Doe addresses a common core issue of fact *sub judice* underlying the military's anthrax vaccine program. Suspension will serve judicial economy by benefitting the Court and parties to avoid revisiting issues, piecemeal litigation, and perhaps affect settlement opportunities. Defendant's opposing counsel was contacted and consents to this motion to suspend.

 When Millican was transferred from the U.S. Court of Federal Claims, it was inappropriate to consolidate with Doe for several reasons: does not involve the same parties; Doe addresses a narrow factual issue underlying one of Millican claims but he raises unrelated, additional claims involving military discipline and promotions.

 The related issue asserted in Millican's arises from the military's vaccination order he received in 1999 and the FDA's failure to determine that the vaccine was safe and effective for the military's intended purpose. Later in 2003 other military plaintiffs in Doe were successful in enjoining the vaccine program for this reason. Id, Mem.Op., (D.D.C., Dec. 22, 2003). When the FDA in December 2005 issued it Final Order, the injunction was dissolved on appeal. Id 04-5440 (D.C.Cir., Feb. 9, 2006, citing 70 FR 75180, 75197 (Dec. 19 2005)).

 The Final Order's purpose was to fulfill an outstanding 1973 requirement to review the vaccine "to determine if it could remain licensed and on the market" as a Category I drug approved

as safe and effective for its continued use, or reclassify into another category. Id 75181.[1] The 2005 Final Order concluded that the vaccine was safe, effective, and not misbranded. Id 75197.

However after remand, issues in Doe remain pending. Although Defendant withdrew its vacatur request, it asked to dismiss the case. See Document 133 (Joint Proposal for Further Proceedings at 3). Therein, the plaintiffs also requested that the court

> follow the mandate of the Court of Appeals and consider the government's request and rule on it, adopting the findings and holdings expressed in the court's [opinion granting preliminary injunction] stating that the vaccine was not approved for its applied use until the FDA properly completed its review and issued a Final Order on December 19, 2005 * * * Plaintiffs believe the [mandate] for remand and consideration appropriately encompasses such a clarification.

Id 2. Moreover, plaintiffs in July 2006, filed a motion for attorney fees. However, the court in Doe has not ruled on either these requests, nor issued final judgment. Furthermore, the court ordered plaintiffs to re-file their motion for attorney fees by October 31, 2006, final replies due by January 31, 2007. Dkt. Entry, September 7, 2006. The defendant stated its intent to oppose the fee motion. Joint Proposal at 3. In sum, resolution on both these requests is related to Millican's case, and an appropriate basis to suspend the proceedings. A status report can be filed by plaintiff's counsel every 90 days.

WHEREFORE, Plaintiff-Millican respectfully requests the Court suspend the proceedings pending the outcome of Doe #1, et al., v. Rumsfeld, with plaintiff to file 90-day status reports from the date of the suspension, or upon judgment in Doe.

October 30, 2006                                             Respectfully submitted,

a/s John A. Wickham, Esq.
Bar No.454863
32975 Saint Moritz Drive
Evergreen CO 80439-6720
(303) 670-3825

---

[1] Category II is a drug that was unsafe, ineffective and misbranded, or Category III a drug where insufficient data required further testing.