UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARC J. MILLICAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06cv1582 (GK) |
| v. ) | |
| ) | |
| UNITED STATES ) | |
| ) | |
| Defendant. ) | |

JOINT MEET AND CONFER STATEMENT

Pursuant to LCv.R 16.3(d), the parties submit their Joint Meet and Confer report.

<u>Plaintiff's Statement of the case and statutory basis for causes of action</u>

This is an appeal under the Administrative Procedure Act[1] of an agency decision by the Air Force Board for Correction of Military Records that denied Millican's records corrections requests to set aside various derogatory personnel actions. On December 2005, Millican filed his claim before the U.S. Court of Federal Claims [COFC]. Millican amended his complaint with a motion to transfer to the U.S. District Court (D.D.C.), under 28 U.S.C. § 1361.

The amended complaint requested that the court set aside Millican's a Letter of Reprimand (December 19, 1999, "LOR"), and "referral" Officer Performance Report (July 1998 to February 2000, "OPR"). And to set aside the result of these two documents— his removal from the FY 2000 Lieutenant Colonel Air Force Reserve Promotion List (April 2002), and involuntary transfer to the Retired Reserve as a Major (April 2003).

Millican asserted these adverse actions were both impermissible discipline and reprisals for his protected speech and association. Millican had raised questions about the safety of the military's involuntary Anthrax vaccination, after he returned from testifying about the program at Congressional hearings in Washington, DC. Upon his return to the unit, Millican repeated the

---

[1] APA, 5 U.S.C. § 702 , 706(2)(a).

substance of his testimony and from documents resulting from his attendance at the hearing. The Air Force misconduct in the LOR and OPR was that he refused to take the shot, and that he allegedly "fomented discord" by speaking to other unit members to encourage refusal.

In his amended complaint, Millican seeks to be promoted by operation of law to LTC, because his removal from the list after 22 months constituted an unlawful delay by statute and Air Force regulation. In the alternative, Millican seeks a promotion by operation of law for unlawful delay, to reinstate him to the FY 2000 promotion list as a delayed promotion, with a remand to the AFBCMR to apply Air Force rules when the reason for a delay no longer exists. Lastly, in the alternative, he seeks a promotion by operation of law, remand to the AFBCMR to convene a special selection board to reconsider his LTC promotion retroactive to FY 2000.

On September 12, 2006, the case (under the amended complaint) was transferred here after the COFC granted plaintiff's motion disposing of the jurisdictional issues. The COFC denied defendant's motion to dismiss, which had argued Millican's claims were not ripe, and otherwise not subject to judicial review in the district court. Exhibit A, Millican v. United States, 05-1330C (Aug. 24 2006). The COFC decision also assisted the parties in determining which factual issues remain relevant.

Defendant's Statement of the Case

Defendant's position is that the Air Force Board for the Correction of Military Records (AFBCMR) did not abuse its vast discretion in denying Plaintiff's relief sought. Plaintiff claims that the 18-month time limit which applies to officer promotion delay actions under 10 U.S.C. § 14311(d) also applies to officer promotion removal actions which are governed by 10 U.S.C. § 14310. Defendant maintains that officer promotion removal actions do not also carry the 18-month time restriction. Defendant's position is also supported by the applicable Air Force Instruction (AFI) which was in effect at the time of Plaintiff's removal action, AFI 36-2504, *Officer Promotion, Continuation and Selective Early Removal in the Reserve of the Air Force,* Chapter 7 - Propriety of Promotion (September 1, 1999).

Plaintiff's position is that an Air Force commander's discretion is limited when imposing and filing the adverse documents at issue. These procedural limits are objective standards that provide an well established basis for judicial review of reprimands and duty evaluations. AFI 36-2907, *Air Force Unfavorable Information File* (1997) ¶ 1.4.3, ¶ 3.1 (documents such as LOR must contain only substantiated unfavorable information that show departure from standards of performance, conduct, bearing, integrity, and that degrade unit's mission); AFI 36-2402, *Officer and Enlisted Evaluation Systems* (1996) ¶¶ 1.4.6, 1.2.2 (OPR evaluators cannot consider conduct based on unreliable information not supported by substantial evidence; minimum expectation is evaluations be fair, accurate, and unbiased). Objective standards also apply to removals from a promotion list. AFI 36-2504 ¶¶ 7.2, 7.5 (initiate promotion list removal when there is cause to believe the officer is unqualified to perform duties at selected grade; if the reason for the delaying a promotion for-cause no longer exists, promote the officer).

Plaintiff's disagrees with defendant's position that §§ 14310 (removal) and 14311(delays) do not operate in tandem. This would allow the Air Force to extend indefinitely a removal from a promotion list while ignoring § 14311 that limits every promotion delay to 18 months. Air Force regulation makes no such distinction. AFI 36-2504 ¶ 7.5 (a promotion becomes delayed upon initiating a removal action). Secondly, when the Air Force initiated Millican's removal it invoked the "lack of qualifications" language from the delay statute, § 14311(b). A court decision had serious misgivings about the enforceability of the Air Force's indefinite delay for removals, particularly when contrary to the other services' reading the statutes in tandem. Because of this problem, Congress in 2006 required the Secretary of Defense to issue uniform procedures among the services for promotion delays. National Defense Authorization Act for FY 2007, Pub.L. No. 109-364, § 515 (Oct. 17, 2006).

<u>Additional Matters</u>

Because this case relies on the agency's administrative record, discovery is inappropriate. The parties agree that this case will be resolved by filing dispositive motions. The parties also

agree that some of the facts can be agreed upon through their Statements of Material Facts which will accompany their motions for summary judgment.

We believe settlement is not a realistic possibility. Plaintiff, with counsel before the COFC, did consider settling for only reinstatement of his LTC promotions orders effective June 22, 2000, and waive all further records corrections. That is his primary goal in bringing the litigation. LCv.R 16.3(c)(5). However, negotiations did not proceed when defendant, before the COFC, promptly filed a motion to dismiss, then opposed plaintiff's offer to transfer the case to this Court under an amended complaint. Moreover, the government in related cases has opposed similar claims that rely on challenges to the military's anthrax vaccination program. Bates v. Rumsfeld, 01-941 (D.D.C. 2001); Doe #1, et. al., v. Rumsfeld, 03-707, 297 F.Supp 2d 119 (D.D.C. 2003) (pending); Adkins v. Rumsfeld, 389 F.Supp.2d 579 (D.Del. 2005) (pending).

Presently before the Court is plaintiff's unopposed motion to suspend the proceedings pending the outcome in a related case. Doe v. Rumsfeld, 03-707 (D.D.C.). The outcome of Doe may assist the parties in determining whether settlement negotiations are appropriate.

In the event the Court does not suspend the proceedings, the parties, in the alternative, propose a briefing schedule:

1.  December 11, 2006. Defendant will file the administrative record and dispositive motions with a Statement of Points and Authorities.

2.  January 11, 2007. Plaintiff files a dispositive cross-motion (incorporating opposition to defendant's dispositive motions, along with Statement of Points and Authorities.

3.  January 25, 2007. Defendant files opposition to plaintiff's cross-motion, and reply to plaintiff's opposition.

4.  February 8, 2007. Plaintiff files reply to defendant's opposition.

WHEREFORE, the parties respectfully request that the Court approve the above proposed briefing schedule. A proposed order is attached.

October 31, 2006                                           Respectfully submitted,



Karen L. Melnik                                            John A. Wickham, Esq.
DC Bar 436452                                              DC Bar No.454863
Assistant United States Attorney                           32975 Saint Moritz Drive555 4th Street,
N.W.                                                       Evergreen CO 80439-6720
Washington, D.C. 20530                                     (303) 670-3825
(202) 307-0338