UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARC J. MILLICAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-1582 (GK) |
| v. ) | |
| ) | |
| UNITED STATES ) | |
| ) | |
| Defendant. ) | |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Local Rule 7(h), Defendant respectfully submits this statement of material facts as to which it contends there is no genuine dispute.

1. Plaintiff, Marc J. Millican, is a major in the United States Air Force Retired Reserve. Amended Compl. at ¶ 34.

2. In 1999 and 2000, plaintiff was a C-5 pilot and member of the 312th Airlift Squadron headquartered at Travis Air Force Base, California. Amended Compl. at ¶ 1; Administrative Record ("AR") 54-55.

3. In late 1998, the Department of Defense embarked on a large-scale program called the Anthrax Vaccination Immunization Program ("AVIP"), to protect military members and civilian employees against inhalation anthrax. Amended Compl. at ¶ 2.

4. As part of the AVIP, in early 1999 the Air Force Reserve directed that members of the 312th Airlift Squadron begin a series of vaccinations against the anthrax virus. AR 24-25.

5. Squadron members who did not receive the anthrax immunization series were not

<ol start="5">
<li>permitted to perform airlift missions, and were later barred from participating in Reserve Unit Training Assemblies ("UTAs" or drills). AR 45.</li>
<li>In response to the directive, plaintiff refused to receive the anthrax immunization series. Amended Compl. at ¶ 15. Moreover, plaintiff urged other members of his squadron to refuse as well. AR 3, 50-51.</li>
<li>On December 19, 1999, plaintiff's squadron commander, Lt Col Frank J. Padilla, the 312th Airlift Squadron Commander (312 AS/CC), issued plaintiff a Letter of Reprimand ("LOR"), which was later placed in plaintiff's Unfavorable Information File ("UIF"). AR 50-51, 131. The basis for the LOR was not that plaintiff had refused the AVIP, but that he had "actively encouraged" squadron members to refuse the anthrax series in a manner intended to cause "discontent and disloyalty" in the unit. Id.</li>
<li>Although plaintiff was given the opportunity to respond to the LOR, he failed to do so. AR 66.</li>
<li>In March 2000, 312 AS/CC directed an Officer Performance Report ("OPR") in which he wrote that plaintiff's performance did not meet standards for the following performance factors: (1) leadership skills, (2) professional qualities and (3) judgment and decisions. AR 54. The OPR indicated that plaintiff had "repeated unexcused absences" and that he "actively sought to foment discord" within the squadron regarding AVIP. AR 53-55.</li>
<li>When given an opportunity to respond to the OPR in 2000, plaintiff failed to do so. AR 132.</li>
<li>Also in March 2000, Colonel Gerald A. Black, the commander of the 349th Air Mobility Wing (349 AMW/CC), recommended to the Secretary of the Air Force that plaintiff's</li>
</ol>

       name be removed from the FY2000 Lieutenant Colonel promotion list.  Amended Compl at ¶ 30; AR 4, 56.  The bases for 349 AMW/CC's recommendation were plaintiff's "efforts to purposefully undermine the credibility of the squadron leadership and his attempt to disrupt the orderly operations of the unit and wing by encouraging others to disregard the commander's directives." AR 4.

12. Plaintiff did not respond to the removal notification letter.  AR 131.

13. On April 17, 2002, the President approved the recommendations of the Secretary of Defense and the Secretary of the Air Force and removed plaintiff's name from the FY2000 Lieutenant Colonel promotion list. AR 59. The removal action resulted in a first-time statutory non-selection for promotion, pursuant to 10 U.S.C. § 14501(b)(3)(A). AR 131.

14. In September 2002, an Air Force Selection Board did not select plaintiff for promotion to Lieutenant Colonel. AR 60.  This second non-selection resulted in statutory separation from the Air Force Reserve.  Id.

15. "On April 1, 2003, plaintiff was transferred to the Retired Reserves as a result of being twice non-selected for promotion to lieutenant colonel." AR 131.

**Administrative Process Procedural History**

16. In July 2003, plaintiff filed a petition for correction of military records with the Air Force Board of Correction of Military Records ("AFBCMR").  Amended Comp ¶ 35; AR 10-62.

17. On or about September 5, 2003, ARPC/DPB ("Air Reserve Personnel Center, Selection Board Secretariat") issued an advisory opinion to the AFBCMR recommending

disapproval of plaintiff's request in its entirety, stating that there was no basis upon which to provide relief to plaintiff.  AR 64-91.

18. On or about December 22, 2003, plaintiff's counsel provided supplemental evidence to the AFBCMR.  AR 95-129.  The supplemental evidence was the District Court for the District of Columbia's memorandum opinion and order in the case of <u>Doe v. Rumsfeld</u>, No. 03-707 (D.D.C, December 22, 2003).  AR 96-129.

19. On or about January 14, 2004, the Administrative Law Division of the Office of The Judge Advocate General of the Air Force ("USAF/JAA") issued an advisory opinion to the AFBCMR.  AR 130-35.  The opinion recommended disapproval of plaintiff's request in its entirety, stating plaintiff "failed to demonstrate the existence of any error or present facts and circumstances supporting an injustice."  AR 135.

20. On or about February 17, 2004, plaintiff's counsel responded to the USAF/JAA's advisory opinion. AR 137-75.

21. On or about March 23, 2004, plaintiff's counsel provided supplemental evidence to the AFBCMR.  AR 176-87.  The supplemental evidence was the District Court for the District of Arizona's opinion in the case of <u>Wright v. United States Army</u>, WL 439956 (D. Az. 2004).  AR 177-87.

22. On or about May 15, 2004, the USAF/JAA issued a second advisory opinion to the AFBCMR.  AR 188-91.  The opinion recommended disapproval of plaintiff's request in its entirety, stating plaintiff "failed to carry his burden of proving the existence of an error or injustice."  AR 191.

23. On or about June 11, 2004, plaintiff's counsel responded to the USAF/JAA's second

advisory opinion. AR 193-200.

24. In August 2004, the AFBCMR denied plaintiff's request for relief because "the evidence presented did not demonstrate the existence of material error or injustice." Amended Compl. ¶ 37, AR 9.

December 19, 2007                      Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498122
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


/s/
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)


OF COUNSEL:

Major Thomas R. Uiselt
Air Force Legal Operations Agency
Air Force General Litigation Division
1501 Wilson Blvd, 7th Floor
Arlington, VA 22209