UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARC J. MILLICAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06cv1582 (GK) |
| v. ) | |
| ) | |
| ) | |
| UNITED STATES ) | |
| ) | |
| Defendant. ) | |

PLAINTIFF'S OPPOSING STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE

Plaintiff-Millican by and through his undersigned counsel, pursuant to LcvR 7.1 (h), submits his opposing statement of material facts in support of his cross-motion for summary judgment.

Millican's objections or additions to defendant's Statement of Facts correspond to defendant's paragraph numbers (i.e, objection or addition to defendant's ¶ 5 will appear as plaintiff's ¶ 5.1, etc).

5. Millican adds the following to defendant's paragraph 5:

5.1. In June, 1999, Major Millican contacted the U.S. House Subcommittee on National Security to provide both testimony and solicit information concerning upcoming congressional hearings on the anthrax program. In July, 1999, Major Millican attended a variety of Congressional hearings in Washington D.C., on the anthrax program. For Major Millican's participation in the hearing, he later received a letter of thanks in August 1999 from Rep. Shays, Subcommittee Chairman. Representative Shays stated that congressional investigation determined "no studies have been conducted on the long-term health effects of the vaccine." Amd.Compl. ¶ 8.

5.2 The congressional subcommittee in the Summer of 1999 issued a lengthy report with findings and recommendations. One finding was that the AVIP, as administrated by DoD for inhalation anthrax without FDA license amendment, was an "investigational or experimental drug" under FDA regulations. In a subsequent letter to the Secretary of Defense, the congressional subcommittee asked DoD to "take immediate action to suspend the AVIP." Amd.Compl. ¶ 10.

5.3.   In the late Summer-early Fall of 1999 Major Millican posted to an Anthrax website frequented by service members, the current information he had obtained from his Washington D.C. visits, including summaries of subcommittee letters and reports, testimony, and the executive order. The internet site was the privately maintained 312th Pilot website that offered an open-forum postings, a chat room, and related links.  Amd.Compl. ¶ 12.

5.4.   For example, on the 312th Pilot "website" the Major Millican,, summarized the July 1999 congressional testimony of Dover AFB pilots who had become sick, such as  CPT  Michelle Piel who testified she had acquired auto-immune disease and grounded.  Amd.Compl. ¶ 13.

6.   Millican adds the following to defendant's paragraph 6:

6.1.   Major Millican elected not to accept the AVIP believing the AVIP was an investigational or experimental drug within the meaning of Executive Order 13139, and therefore required his "voluntary" informed consent.  Amd.Compl. ¶ 15.

7.   Millican objects to the paragraph 7 statement: "The basis for the LOR was not that plaintiff had refused the AVIP."  This is argument, and not supported by the record.  Millican adds the following:

7.1.   The LOR directly implies that Millican had refused the shot as the reason why he was "advocating that [others] refuse to undergo the [shots]." A.R. 50.  The record shows that later reviews of the LOR, when serving as the basis for the recommended removal from the promotion list, interpret the LOR as including punishment for is own refusal. AR 88 ¶ 3 (AF legal review, "the reason for the recommendation is Major Millican refused to undergo the [shot] series and then became vocal advocate against the shots....."); A7 (Deputy Secretary of Defense adding to removal recommendation, "[Millican] himself had refused the vaccine and advised members... to refuse their shots."); AR 62 (President removes him from the promotion list stating up-front "in 1999, Major Millican...refused to undergo an anthrax immunization...).

8.   Millican objects to the paragraph 8, and presents the following:

8.1.    Major Millican replied to the LOR by inviting LTC Padilla to produce any corroboration, e-mails, or witnesses to support their contentions.  Major Millican also alleged that

Padilla exaggerated and distorted his efforts to educate fellow unit members about the AVIP. Amd.Compl. ¶ 24.

8.2. When Major Millican sent this reply to the LOR LTC Padilla invoked the rebuttal time limit to refuse consideration of Major Millican's contentions. Amd.Compl. ¶ 25.

10. Millican objects to the paragraph 9, and presents the following:

10.1. Major Millican replied to the OPR by inviting LTC Padilla and OPR rater LTC Brunz, to produce any corroboration, e-mails, or witnesses to support their contentions. Major Millican also alleged that Padilla exaggerated and distorted his efforts to educate fellow unit members about the AVIP. Amd.Compl. ¶ 24.

10.2. When Major Millican sent this reply to the OPR, LTC Padilla invoked the rebuttal time limit to refuse consideration of Major Millican's contentions. Amd.Compl. ¶ 25.

11. Millican adds the following:

11.1. There is no record or evidence that the SECAF, nor any other official, requested a delay, nor extended a promotion delay after the six month period.

11.2. The recommendation to remove Millicna from the promotopn included that he had refused the vaccine. Millican refers back to paragraph 7.

13. Millican adds the following:

13.1. The President removed him from the promotion list stating up-front "in 1999, Major Millican...refused to undergo an anthrax immunization..."). AR 62.

/s/ John A. Wickham
DC Bar 454863
32975 Saint Moritz Drive
Evergreen CO 80439
303 670-3825
Counsel for Marc Millican