UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARC J. MILLICAN, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-1582 (GK) |
| v. | ) |
| UNITED STATES | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSING STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Plaintiff does not contest the majority of the facts set forth in Defendant's statement of material facts. The Court should consider these facts undisputed. *See* Local Rule 56.1. Moreover, in disputing several facts, Millican relies on the allegations in his complaint. But allegations in a complaint are not evidence and they may not be used by the plaintiff in opposing a summary judgment motion. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

Defendant further responds to plaintiff's objections below.

5.1-5.4. Millican's contact with Congress is not material, or even relevant, to this matter. Defendant also notes that the complaint is not admissible evidence in this matter.

6.1 Millican's own refusal to take the anthrax vaccine is not a material fact. The complaint is not admissible evidence.

7. In response to plaintiff's objection that "(t)he basis for the LOR was not that the plaintiff had refused the AVIP," the language of the LOR itself makes no reference to

plaintiff's refusal of the anthrax shot as a basis for the LOR. This is not argument and is supported by the record. AR 50-51, 131.

7.1. Plaintiff's first sentence in paragraph 7.1, "The LOR directly implies that Millican had refused the shot as the reason why he was 'advocating that [others] refuse to undergo the [shots]'" is argument and is not supported by the record.

8. Plaintiff objects to defendant's assertion that "(a)lthough plaintiff was given the opportunity to respond to the LOR, he failed to do so." However, the LOR stated "you may respond to his action in writing no later than (30) days from this date." AR 51. Therefore, any response submitted by plaintiff was to be in writing and timely. Plaintiff failed to submit a timely written response to the LOR. AR 66. In his objection, plaintiff does not maintain that he did submit a timely written response to the LOR. Plaintiff's Opposing Statement of Material Fact, ¶¶ 8.1., 8.2.

10.1. Plaintiff did not file timely comments to the referral OPR when given the opportunity in 2000. AR 132. Plaintiff's assertions to the contrary are not supported by the record. As plaintiff admits in paragraph 10.2, his reply to the OPR was not submitted in a timely manner.

11.1. Defendant agrees that there is no record or evidence that the SECAF, or any other official, requested a delay, or extended a promotion delay after the six month period. Rather, Plaintiff was subject to removal from the promotion list.

11.2. Defendant acknowledges that two recommendations to remove plaintiff from the promotion list state that he had refused the vaccine. AR 59, 85. However, plaintiff's misconduct, excluding his refusal of the vaccine, was sufficient to warrant each of the

administrative actions that were taken against him and were the reason for his removal. AR 191.

13.1.  The Deputy Secretary of Defense, and not the President, stated "in 1999, Major Millican . . . refused to undergo an anthrax immunization."  AR 59.  The President provided only his signature to the removal action.  AR 59.

    Respectfully submitted,

    _____
    JEFFREY A. TAYLOR , D.C. Bar # 498610
    United States Attorney

    _____
    RUDOLPH CONTRERAS, D.C. Bar # 434122
    Assistant United States Attorney

    /s/ Harry B. Roback
    HARRY B. ROBACK, D.C. Bar # 485145
    Assistant United States Attorney
    United States Attorneys Office
    555 4th Street, N.W.
    Washington, D.C. 20530
    Tel: 202-616-5309
    harry.roback@usdoj.gov

OF COUNSEL:
Major Thomas R. Uiselt
Air Force Legal Operations Agency
Air Force General Litigation Division
1501 Wilson Blvd, 7th Floor
Arlington, VA 22209